**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

Plaintiff,

v.

BONNIE R. ROTH, d/b/a BONNIE ROTH AGENCY, CONNIE S. ROTH, d/b/a CONNIE ROTH AGENCY, and ROTH AND ROTH INSURANCE COMPANY AGENCY, d/b/a ROTH AND ROTH INSURANCE,

Defendants.

Case No. 05 C 3839

Judge Ronald A. Guzman

Magistrate Jeffrey Cole

**RESPONSE OF AMERICAN FAMILY TO DEFENDANTS OBJECTIONS TO THE REPORT AND RECOMMENDATION OF MAGISTRATE COLE TO DENY THE REQUESTED MODIFICATIONS TO THE PRELIMINARY INJUNCTION**

Plaintiff, American Family Mutual Insurance Company ("American Family"), by and through its attorneys, James P. DeNardo and Sara E. Cook, for its response to the Defendants Objections to the Report and Recommendation of the Magistrate state as follows:

Defendants have filed their objection to the Report and Recommendation. Defendants seek a stay under Fed. R. App. P. 8(a) of paragraph 2 of the preliminary injunction issued by this Court. This request is not within the scope of the relief originally requested by the Defendants or considered by Magistrate Judge Cole in this matter. Rather, it is yet another attempt to eviscerate the relief obtained by American Family after a full evidentiary hearing. That relief prevents the Defendants from using the statutorily protected trade secrets of American Family. If this request for a stay were

granted, the preliminary injunction would be rendered superfluous because the Defendants would be able to use the trade secrets of American Family to develop their own business. Granting this extraordinary relief should not be done without a substantial showing by Defendants. Defendants have neither made, nor even attempted, to make that showing.

In assessing whether a stay is warranted, the district court is required to determine whether the party seeking the stay has demonstrated that: 1) it has a reasonable likelihood of success on the merits; 2) no adequate remedy at law exists; 3) it will suffer irreparable harm if it is denied; 4) the irreparable harm the party will suffer without relief is greater than the harm the opposing party will suffer if the stay is granted; and 5) the stay will be in the public interest. *Hinrichs v. Bosma*, 440 F.3d 393, 396(7th Cir. 2006), *citing Kiel v. City of Kenosha,* 236 F.3d 814, 815-16 (7th Cir.2000).

These are, of course, the elements that American Family was required to show in the first place to obtain the preliminary injunction. Magistrate Cole and this Court found that American Family made the requisite showing. Docket #35, 61, 62. The Defendants now have a greater burden to obtain a stay of the preliminary injunction:

> "However, in the context of a stay pending appeal, where the applicant's arguments have already been evaluated on the success scale, the applicant must make a stronger threshold showing of likelihood of success to meet his burden. *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.2d 150, 153 (6th Cir.1991) (concluding that a stay movant must raise "serious questions going to the merits") (citation omitted); *see also* Adams v. Walker, 488 F.2d 1064, 1065 (7th Cir.1973) (requiring a stay movant to make a "strong" and "substantial" **showing** of likelihood of success on the appeal); *Virginia Petroleum Jobbers Ass'n v. Federal Power Comm'n,* 259 F.2d 921, 925 (D.C.Cir.1958) (requiring a stay movant to make a "strong" **showing** of likelihood of success before a reviewing court should intrude on the ordinary process of judicial administration). " (emphasis in original)

*In re Forty Eight Insulations, Inc. 115 F.3rd 1294, 1301 (7th Cir. 1997).*

Defendants have simply made no showing that would justify the relief requested. They have reiterated arguments already advanced, but they have produced no evidence of what tangible impact this injunctive provision has upon them. They talk about theoretical scenarios, but do not provide any actual facts.

The fundamental gap in the Defendants' analysis is the assumption that paragraph one and paragraph two of the Preliminary Injunction are duplicative. Paragraph one proscribes the use of information from American Family's database. This includes Exhibit 34. Exhibit 34 contains 1847 names from the Defendants' internet database which this Court found substantially contains names also found in the American Family database. The second paragraph requires that the Defendants not service any American Family customer.

American Family has proposed a narrower scope for paragraph two limiting the universe of proscribed customers to those who were customers credited to Defendants on the date of the Defendants' termination. This modification is not in any way a suggestion that paragraph two is superfluous or unnecessary. To the contrary, to the extent any customer is not contained in "downloaded" information, American Family seeks protection of its trade secrets in the customers credited to the Defendants while they were agents for American Family. There is no evidence that Exhibit 34 or other downloaded information contains the complete universe of the customers of American Family attributed to the Defendants. These fine line distinctions are required because the Roths have pushed the envelope of making fine line distinctions, beginning with their parsing of the word "copy" to exclude "printing".

Defendants' argument in support of a stay is essentially the same argument Defendants made to modify the injunction. It is the same motion with a different name. This change of names may circumvent the jurisdictional defect in the Defendants' Motion to Modify, but it does not address how they have met all of the factors for a stay.[1] Removing the protection of the second paragraph is unwarranted and there is a wholesale failure of the Defendants to show that they have been irreparably harmed almost 18 months after the injunction was in effect and that they have a "substantial likelihood of success on the merits." Since this court has already found that American Family has met this burden, the onus is on the Defendants to produce compelling evidence, not just recycled arguments. They have not done so and the request for a stay should, therefore, be denied.

**CONCLUSION**

Wherefore, American Family prays that this court enter an order denying the Defendants request for a stay, and granting such further relief as is equitable and just.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY

By: /s/ James P. DeNardo
One of its attorneys

James P. DeNardo
ARDC 00614688
Sara E. Cook
ARDC 03126995
McKenna Storer
666 Russel Court, Suite 303
Woodstock, IL 60098
Phone: 815-334-9692
Fax: 815-334-9697
Email: scook@mckenna-law.com

---

[1]The original TRO was issued on July 14, 2005, Docket #13. On August 2-3, 2005 the request for a preliminary injunction was heard. Both by agreement at the conclusion of the hearing on August 3, 2005 and by operation of law, the Defendants were effectively enjoined by a preliminary injunction order. See, *Samson v. Murray,* 415 US 61,86 (1974); *Diginet, Inc. v. Western Union ATS, Inc.*, 958 F.2d 1388, 1392 (7th Cir. 1992).

**CERTIFICATE OF E-FILING**

I hereby certify that on January 29, 2007, I electronically filed the foregoing with the Clerk of the U. S. District Court, for the Northern District of Illinois using the CM/CEF e-filing system which will send notification of such filing to the following e-mail addresses:

Wallace C. Doolittle
Law Offices of Wallace C. Doolittle
1260 B Street, Suite 220
Hayward, CA 94541
Telephone: 510-888-0600
Fax: 510-888-0606
wdoolittle@doolittlelaw.com

David Corbett
Corbett & Corbett
800 E. Northwest Highway
Suite 700
Palatine, IL 60074-6513
Telephone: 847-705-3899

William P. Tedards, Jr.
1101 30th St. N.W., Suite 500
Washington, D.C. 20007
Telephone: 202-797-9135
Fax: 202-797-9139
stephanie@tedards.com

McKENNA STORER

By: /s/ James P. DeNardo
James P. DeNardo
Sara E. Cook
33 N. LaSalle St., Ste. 1400
Chicago, IL 60602
(312) 558-3900
FAX: (312) 558-8348
jdenardo@mckenna-law.com
scook@mckenna-law.com