# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE, COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) ) | No. 05 C 3839 |
| | Judge Ronald A. Guzman |
| BONNIE L. ROTH, D/B/A BONNIE ROTH ) AGENCY, CONNIE S. ROTH, D/B/A ) CONNIE ROTH AGENCY, and ROTH AND ) ROTH INSURANCE AGENCY, INC., D/B/A ) ROTH AND ROTH INSURANCE, ) ) | Magistrate Judge Jeffrey Cole |
| Defendant. ) | |

## MEMORANDUM OPINION RE: AMERICAN FAMILY INSURANCE COMPANY'S MOTION TO STRIKE AND BAR CERTAIN EVIDENCE

Contemporaneously with the issuance of this Opinion, I issued a Report and Recommendation regarding AFM's Motion For A Rule To Show Cause Why The Defendants Should Not Be Held In Contempt. The discussion in that case is incorporated here. Judge Guzman has also referred here AFM's Motion To Strike Certain Evidence And Bar Its Use.

On May 11, 2007, in response to Judge Guzman's call for further evidence in this matter, the defendants filed commission statements from the period leading up to their termination from AFM. (Dkt. # 145). AFM has moved to strike that evidence from the public record and bar its use in this case, and cites the filing as another violation of the preliminary injunction's requirement that all customer-related information be turned over to AFM. On June 18, Judge Guzman referred the motions here. [#166].

The commission statements include the insured's name, policy number, type of policy, term

of policy, and rate. Whether the commission statements constitute trade secrets, *compare American Nat. Property & Cas. Co. v. Graham*, 2007 WL 777412, *3 (E.D.Wis. 2007)(commission statements, like customer lists, that contain basic information are not trade secrets under Wisconsin law) *with Minuteman, Inc. v. Alexander*, 147 Wis.2d 842, 857, 434 N.W.2d 773, 779 (1989)(some customer lists are afforded protection as trade secrets), is a question that need not be decided here. Under the terms of the Preliminary Injunction, the defendants were required to return to AFM "all materials in their possession related to [AFM] customers . . . ." (Dkt. # 67, 159). The commission statements clearly qualify, and their retention was a violation of the Preliminary Injunction. It is inconceivable that the Roths did not understand and appreciate the significance of having the kind of customer information contained on the commission statements and its potential for use in the Roths' competing business.

While conceding that the statements contained confidential customer information, they contend that by filing them with the clerk, they did not disclose the information. (*Initial Response*, at 4). That argument is, to use one of the Seventh Circuit's favorite appellations, "preposterous." *Se, e.g., United States v. Thompson*, 484 F.3d 877, 883 (7th Cir. 2007). By placing the information on file, they made it accessible to the public at large. *Cf. Citizens First National Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999)(Posner, J.). It is all the more preposterous given the fact that they made a similar filing once before in this case. (Dkt. # 54).

The Motion To Remove And Strike Docket Item 45 is GRANTED, and the clerk is directed to comply immediately with this order. The defendants shall immediately resubmit the information under seal in conformity with the relevant rules. Failure to comply with this order and with the appropriate rules will subject the defendants and their counsel to sanctions.

This leaves AFM's request that the evidence be barred. All sanctions should be proportional to the wrong done. Or as Judge Posner has put it, "[i]t should go without saying that equitable remediation must be guided by norms of proportionality." *People Who Care v. Rockford Board of Ed.*, 111 F.3d 528, 534 (7th Cir. 1997). *See also Salgado by Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998)(sanctions for discovery must be proportional to the violation). The request to exclude the evidence violates the doctrine of proportionality.

Moreover, as in *R.J. Reynolds Tobacco Co. v. Cigarettes Cheaper*, 462 F.3d 690 (7th Cir.2006), "[t]he arguments are undeveloped (not a single case is cited, and the brief does not explain why the district judge [should rule] (as he [is being requested to]. . .) and forfeited." *Id.* at 701 (parenthesis in original). Indeed, the motion does not even cite a Federal Rules of Civil Procedure that would justify what seems to be an excessively harsh sanction. In short, the motion violates the rule against superficial and skeletal presentations. *See Bretford Mfg., Inc. v. Smith System Mfg. Corp.*, 419 F.3d 576, 581 (7th Cir.2005); *Estate of Moreland v. Dieter*, 395 F.3d 747, 759 (7th Cir. 2005); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). "'[I]t is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel.'" *United States v. McLee*, 436 F.3d 751, 760 (7th Cir. 2006).

AFM's Motion To Remove And Strike Docket Item 145, Additional Rule To Show Cause And Motion To Bar [163] is GRANTED in part and DENIED in part.

UNITED STATES MAGISTRATE JUDGE

DATE: 8/16/07

3