IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE, COMPANY, <br><br>Plaintiff, <br><br>vs. <br><br>BONNIE L. ROTH, D/B/A BONNIE ROTH AGENCY, CONNIE S. ROTH, D/B/A CONNIE ROTH AGENCY, and ROTH AND ROTH INSURANCE AGENCY, INC., D/B/A ROTH AND ROTH INSURANCE, <br><br>Defendant. | No. 05 C 3839 <br><br>Judge Ronald A. Guzman <br><br>Magistrate Judge <br>Jeffrey Cole |

## MEMORANDUM OPINION AND ORDER

The plaintiff has moved to take the deposition of Scott Jones, Senior Forensic Examiner at Forensicon. Mr. Jones performed an analysis of the defendants' computers in connection with American Family's motion for sanctions/rule to show cause. The latter motion was one of a number of such motions in this case. Mr. Jones ultimately produced a report, which has been provided to American Family and to the Roths. The case is set for trial on October 25, 2010 and the pre-trial order is due September 8, 2010. Discovery, of course, was closed long ago.

The matter of the examination by Forensicon has been in play since at least May 1, 2008 [125, 131-132] and has been the subject of controversy for years. *See e.g.*, Docket #175, 278. Neither Mr. Scott nor anyone else at Forensicon was ever designated as an expert by American Family, and of course, the only kind of testimony he could get was that of an expert. *See* Rule 702, Federal Rules of Evidence. Nonetheless, quite recently, after finally receiving the Forensicon report, American Family subpoenaed Mr. Jones to be deposed, presumably because it planned to call him

as a witness on behalf of American Family at trial. When the defendants objected, American Family filed a motion for permission to depose Mr. Jones even though "there was enough discovery here to choke a horse...." *Walker v. Sheahan*, 526 F.3d 973, 978 (7th Cir. 2008). Perhaps concluding that my prior involvement in discovery supervision in this case put me "in the best position to decide the proper scope of discovery," *id.*, Judge Guzman referred the matter here.

This case is now more than five years old. American Family has had a virtually unlimited opportunity to take discovery regarding the underlying matters that are part of Mr. Scott's report. Indeed, American Family has argued throughout these proceedings that the evidence of the defendants' perfidy is overwhelming and incontestable, and that they have destroyed documents and computers and evidence in their computers, thereby proving overwhelmingly (albeit circumstantially) under the doctrine of spoliation their liability to American Family. Nonetheless, the motion implicitly argues that the matters in the Forensicon report are necessary for use at trial. But if that is true, one may question reasonably why long ago American Family did not alert either me or Judge Guzman that there was a possibility (indeed, a significant likelihood given American Family's repeated insistence that the Roths were unrepentant scoundrels) that they planned to use Forensicon as a witness at trial. Deadlines count. At least in this Circuit. *See Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996)("we live in a world of deadlines... the practice of law is no exception... when parties wait until the last minute to comply with a deadline, they are playing with fire"); *In re Sulfuric Acid Antitrust Litigation,* 230 F.R.D. 527, 533 (N.D.Ill. 2005).

Counsel for American Family conceded at the hearing that he understood the Forensicon report, and indeed, its conclusions are virtually self-explanatory. It is simply unnecessary for American Family to take discovery on the topic of the report to know what Mr. Jones has concluded.

2

Mr. Jones is not adverse to American Family, and, as counsel for American Family conceded, he is available for informal conversations and discussions with American Family regarding his report. If anything, as prior proceedings regarding payment by the Roths to Forensicon demonstrated, Mr. Jones is anything but favorable to the Roths.

The question of whether Mr. Jones can even be a witness at trial is not for me to decide. But what is clear is that a deposition at this late date is not necessary in order for American Family to assess whether it would like Mr. Jones to be a witness or to know what he will say if allowed to testify. And it is beyond debate that he will never be called by the Roths, given the conclusions in his report and the incredible acrimony that existed between him and the Roths in connection with his bill for the examination.

"[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries," *Hickman v. Taylor*, 329 U.S. 495, 507 (1947), and these "'limits grow more formidable as the showing of need decreases.'" *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U. A.*, 657 F.2d 890, 904 (7th Cir. 1981). The discovery rules are not a ticket to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest. Parties are entitled to a reasonable opportunity to investigate the facts-and no more. *Sommerfield v. City of Chicago*, 613 F.Supp.2d 1004, 1020 (N.D.Ill. 2009). "[E]nough is enough," *Williams v. Shinseki*, 2010 WL 1274233, 4 (7th Cir. 2010), is a theme that echoes throughout Seventh Circuit cases dealing with excessive discovery. *See e.g., Walker v. Sheahan*, 526 F.3d 973, 981 (7th Cir. 2008); *Banos v. City of Chicago*, 398 F.3d 889, 893 (7th Cir. 2005)("Throughout this litigation, the City has been subjected to long delays and voluminous discovery. Enough is enough."). That caution applies here.

The plaintiff's motion does not explain why a deposition is *necessary* or why at this late date American Family should be allowed to take the deposition of a person who was never designated as even a possible expert, although his existence was known years ago and the outcome of his examination was, given American Family's view of the case, a foregone conclusion – and it was one that would not be favorable to the defendants. Nor does the motion cite any case that would arguably justify my exercising discretion to allow Mr. Jones to be deposed on the eve of trial. Indeed the motion cites no cases. But even had it done so, that would not have been outcome-determinative.

Judges are called upon to manage notoriously crowded dockets. "Necessarily, they must have substantial discretion as they manage their dockets." *Reales v. Consolidated Rail Corp.*, 84 F.3d 993, 996 (7th Cir.1996). *See also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Semien v. Life Insurance Co. of N.A.*, 436 F.3d 805, 813 (7th Cir. 2006); Rule 26(c), Federal Rules of Civil Procedure; *Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002). Discretion denotes the absence of a hard and fast rule. *Langnes v. Green*, 282 U.S. 531, 541 (1931); *Pruitt v. Mote*, 2006 WL 3802822 (7th Cir. 2006); *Rogers v. Loether*, 467 F.2d 1110, 1111-12 (7th Cir. 1972)(Stevens, J.). Indeed, on virtually identical facts, two decision makers can arrive at opposite conclusions, both of which constitute appropriate exercises of discretion. *United States v. Banks*, 546 F.3d 507, 508 (7th Cir. 2008). *See also Johnson v. Daley*, 339 F.3d 582, 593-594 (7th Cir. 2003)("the district judge's substantial discretion, *see Hensley v. Eckerhart*, 461 U.S. 424, 437-38 (1983), which implies deferential appellate review of fee awards, ensures inconsistency."). In the context of this case, I choose to exercise my discretion and deny the motion to depose Scott Jones [319].

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 8/25/10